[No. 21103.   Department One.   August 29, 1928.]

## G. G. SCHNELLER, *Appellant*, v. H. H. VINCENT, *Respondent.*[1]

[1] TROVER AND CONVERSION (27, 28)—EVIDENCE—ACTS CONSTITUTING. The evidence fails to show a conversion by a mortgagee, of sheep that had been added to the flock and was subject to another mortgage, where the mortgagee was merely present at a sale by reason of his interest, on notification by the mortgagor, who directed the purchaser to pay the price to the mortgagee as a part payment on his mortgage; the sheep at all times being in the possession of the mortgagor and delivered by him directly to the purchaser.

Appeal from a judgment of the superior court for Walla Walla county, Davidson, J., entered June 1, 1927, upon the verdict of a jury rendered in favor of the defendant, in an action in tort.   Affirmed.

*John C. Hurspool,* for appellant.
*Sharpstein & Smith,* for respondent.

[1]Reported in 269 Pac. 793.

MITCHELL, J.—G. G. Schneller brought this action against H. H. Vincent for the alleged conversion of about four hundred sheep, upon which the appellant held a mortgage given by one Paxton, the owner of the sheep. At the trial, there was a verdict in favor of the defendant. Plaintiff moved for a judgment notwithstanding the verdict and for a new trial, both of which were denied. He has appealed from a judgment on the verdict.

John Paxton, the owner of a large flock of sheep, had given Vincent a mortgage on the flock upon which about sixty thousand dollars was due and unpaid, the amount it appears being in excess of the value of the flock. Paxton increased his flock by the purchase of three hundred and seventy-five sheep from the appellant, giving a mortgage for a part of the purchase price which remained unpaid at the time of the transaction involved in this controversy. Sixteen hundred and twenty-eight sheep, a part of the flock, were sold to one McKune who, by direction of Paxton, paid the money to Vincent, the amount being much less than the total amount owing to Vincent on the mortgage held by him.

Appellant brought this action alleging that the respondent wrongfully and unlawfully took possession of the sheep described in the mortgage held by the appellant and converted the same to respondent's own use; and in support of this allegation, introduced evidence upon the theory that the sale to McKune was made by the respondent or under circumstances making the respondent liable in conversion.

On the contrary, the evidence on behalf of the respondent was that Paxton, the owner of the sheep, was in possession of them at all times until he delivered them to McKune; that he procured McKune as a purchaser, McKune being a stranger to the respondent;

that, when by appointment the purchaser examined the sheep, respondent was present by notification from Paxton; that the price being agreed upon, McKune asked for a few days in which to pay for them, to which no objection was made by the respondent: that Paxton gave the purchasers a few days time and told him, "If you take the sheep, why, you can turn over the check to Mr. Vincent"; and that some days thereafter, McKune completed the purchase and received possession of the sheep from Paxton at the latter's ranch and delivered his check to the respondent, reporting that he had purchased and received the sheep.

Under this evidence and the court's instructions, to which no exception was taken, the jury were at liberty to find and conclude that there was no conversion by the respondent but that his connection with the transaction was only because of the mortgage held by him.

The appellant's motion for judgment notwithstanding the verdict was properly denied; and, in our opinion, there was no abuse of discretion in denying appellant's motion for a new trial.

Affirmed.

FULLERTON, C. J., TOLMAN, PARKER, and FRENCH, JJ., concur.